IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN B. CAPPS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:01-CR-0204-L |
| | § | No. 3:04-CV-1085-L |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Norman B. Capps's ("Petitioner" or "Capps") Motion for New Trial, filed December 1, 2004. After careful consideration of the motion, response and applicable authority, the court **denies** Capps's Motion for New Trial.

Capps pled guilty to money laundering in violation of 18 U.S.C. §1956(a)(3)(B). Punishment was assessed at 63 months confinement, followed by three years supervised release. Capps's conviction and sentence were affirmed on direct appeal on February 21, 2003.[1] On May 20, 2004, Capps filed a Motion Under 28 U.S.C. § 2255 to correct, vacate, or set aside his sentence. He contended that he received ineffective assistance of counsel at sentencing because his attorney failed to research, investigate, and offer evidence to mitigate his relevant conduct.

On October 18, 2004, an evidentiary hearing was held on Capps's motion, and the Findings and Recommendation of the United States Magistrate Judge were filed. The magistrate judge recommended that Capps's motion be denied because the record fails to support a claim of ineffective assistance of counsel. Capps filed objections to the magistrate judge's findings,

---

[1] *See United States v. Capps*, 61 Fed.Appx. 923, 2003 WL 1113912 (Table) (5th Cir. 2003).

**Memorandum Opinion and Order – Page 1**

conclusions and recommendation on October 27, 2004. He objected to the magistrate's finding that his claim regarding his trial counsel's failure to object to some or all of the 18 other automobile transactions, that occurred more than one year before the date of conviction, was waived because it was not raised by Capps in his § 2255 motion or brief. Capps maintained that the specific wording of his claim placed this issue of inadequate preparation before the court. He further contended that trial counsel's failure to object to the presentence report based on the "staleness" of some of the transactions is sufficient to establish a cognizable claim of ineffective counsel under *Strickland v. Washington,* 466 U.S. 668 (1984). On November 22, 2004, the court filed an order accepting the findings and conclusions of the magistrate judge as those of the court, and filed a judgment dismissing Capps's complaint with prejudice.

Capps requests a new trial, contending that he gave adequate notice of his claims regarding the actions of his trial counsel in his pleadings. He further contends that "the Federal Rules of Civil Procedure are 'notice' pleadings" and that "a complaint must only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Petitioner's Motion at 3. He also asserts that under *United States v. Booker*, 543 U.S. 220 (2005), his sentence was unconstitutional because the sentence was based on factors not decided beyond a reasonable doubt by the jury which found him guilty.[2] The court now considers Capps's motion.

Pleadings under 28 U.S.C. § 2255 are governed by Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. Rule 2(b) provides that a motion under 28 U.S.C. § 2255 must "(1) specify all the grounds for relief which are available to the moving party; [and] (2) state the facts that support each ground[.]" *Id.* The court determines that Capps failed to

---

[2]Capps supplemented his motion for new trial to add this argument on January 24, 2005.

**Memorandum Opinion and Order – Page 2**

raise claims in his motion under § 2255 that his attorney was ineffective for failing to object to the staleness of some of the transactions there were considered as relevant conduct. Capps therefore waived these claims.

Regarding Capps's *Booker* argument, the issue is whether *Booker* precludes the court from considering transactions that were identified as relevant conduct for purposes of sentencing, when allegations of the transactions were not proved beyond a reasonable doubt. Rather than engage in an extensive and erudite discussion of the law, the court determines that Capps's argument is foreclosed by the Fifth Circuit's decision in *United States of America v. Mares*, 402 F.2d 511 (5th Cir. 2005). After *Booker*, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *Mares*, 402 F.3d at 519. As this court found the relevant facts by a preponderance of the evidence consistent with *Mares*, Capps's motion for new trial should be, and is hereby, **denied**.

**It is so ordered** this 2nd day of November, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 3**